52

EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON. RAMÓN L. CABRERA, JUEZ, demandado; VIRGILIO HERNÁNDEZ, interventor.

Número: O-72-251          Resuelto: 19 de enero de 1973

Gilberto Gierbolini, Procurador General, y Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar, abogados del peticionario; Benicio Sánchez Castaño, Carle Coll Carpintero, Leonardo Llequis y Gregorio Lacot, abogados del interventor.

—0—

Voto disidente emitido por el Juez Presidente Interino, Señor Pérez Pimentel

San Juan, Puerto Rico, a 19 de enero de 1973

Estimo que a base de los documentos que componen el expediente en el presente recurso de *certiorari*, el Tribunal no está en condiciones de resolverlo, a menos que lo haga fundándose en suposiciones.

Lo ocurrido en el Tribunal Superior, Sala de Bayamón, en su sesión del día 10 de julio de 1972, para cuya fecha estaba señalada la vista de una moción de reconsideración a la orden del tribunal concediéndole un nuevo juicio al convicto Virgilio Hernández, fue lo siguiente, según reza la minuta unida a nuestro expediente: "Llamado estos casos en el día de hoy, la defensa solicita que se le suministre los récords de todos los casos que han intervenido los agentes Pablo N. Padilla, Elías Torres y Eulices Martínez.

El tribunal ordena que con 15 días de antelación a la vista de esta moción se le suministre a la defensa lo solicitado."

Esta es la orden cuya revisión ha solicitado el Procurador General mediante el presente recurso de *certiorari*.

Este Tribunal expidió una orden concediéndole a las partes un término de 10 días ". . . para que informaran las razones que tuvieren por las cuales no debe expedirse el auto y dejarse sin efecto la orden objeto de este recurso."

Contestó el acusado-interventor alegando que la minuta del día 10 de julio de 1972 no refleja exactamente la solicitud formulada por el interventor ni la orden dictada al efecto, debiendo las notas taquigráficas reflejar "que lo solicitado por la defensa lo fue el que se suministrara una relación de los casos de drogas cuyo archivo se solicitó por el Ministerio Fiscal debido y por mor de la intervención en los mismos de los tres antes mencionados agentes encubiertos."

El acusado solicitó que se ordenara se elevara la transcripción de esas notas taquigráficas, pero este Tribunal, nada proveyó sobre ello.

El Procurador no ha admitido esta situación de hecho. Este Tribunal, sin embargo resuelve el recurso a base de lo alegado por el interventor en su contestación a la orden para mostrar causa, y descarta el contenido de la minuta, que es un documento al cual siempre le hemos dado entero crédito si no se demuestra que es erróneo.

A los fines de resolver el recurso es importante las discrepancias que surgen entre el contenido de la minuta y lo que dice el acusado que fue su solicitud. Si la minuta es correcta, entonces el acusado estaba solicitando que se le suministraran los récords de todos los casos en que han intervenido los tres agentes antes mencionados. ¿Qué récords son ésos? Pueden ser aquellos casos en que se presentó acusación por el fiscal y claro está, esos documentos están en la secretaría del tribunal, o pueden ser casos en que el fiscal haya solicitado su archivo, al amparo de la Regla 24 (b) de Procedimiento Criminal, según la cual el secretario, previa aprobación del tribunal lo guardará registrando dicha causa en el Registro de Casos Archi-

vados, o pueden ser casos que estén en poder del fiscal para su determinación sobre si presenta acusación u ordena con aprobación del tribunal, que se archiven, información ésta que no se puede anticipar.

En cualesquiera de estos casos no se trata de una solicitud del acusado para que el fiscal produzca, para ser inspeccionados, copiados o fotografiados aquellos objetos, libros, documentos y papeles que no fueren declaraciones juradas excepto de la declaración del propio acusado, que el pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo, que es a lo que se limita el descubrimiento de prueba a que tiene derecho el acusado conforme lo dispone la Regla 95 de Procedimiento Criminal. *Pueblo* v. *Colón Rivera*, 93 D.P.R. 852 (1967).

Los récords que interesa el acusado conforme a la minuta del tribunal, están bajo la custodia del secretario, son documentos públicos y el acusado puede examinarlos sin necesidad de una orden judicial.

Asumiendo, como lo hace este Tribunal, que el alcance de la solicitud del acusado y de la orden del tribunal de instancia, es el alegado ante nos por el acusado, aun así, sería errónea la orden objeto ahora de revisión.

Si la solicitud del acusado era para que "se produjera y se pusiese a la disposición de la defensa una relación de todos los casos de drogas y narcóticos que hubiesen sido archivados a instancias y/o pedimento del Ministerio Fiscal por razones de haber intervenido y/o participado en su investigación los agentes encubiertos Sres. Pablo N. Padilla, Elías Torres y Eulices Martínez", no se trata ya de una medida de descubrimiento de prueba autorizada por las Reglas de Procedimiento sino va mucho más allá. Su solicitud requiere del fiscal una admisión de hecho. Requiere que el fiscal admita que ha solicitado el archivo de casos criminales por las razones expuestas en la solicitud. Como desconocemos lo ocurrido en la vista donde se discutió la solicitud del acusado, no podemos, como lo

hace el Tribunal, partir de la base de que ése es un hecho cierto. Pero es que además, las Reglas de Procedimiento Criminal, no autorizan al tribunal a ordenar al fiscal que prepare y suministre al acusado memorando ni relaciones de hechos, ni mucho menos que investigue, recopile y suministre datos que el acusado considere puede necesitar para preparar su defensa.

Aparentemente en este caso el acusado ha solicitado, o por lo menos, a eso equivaldría su solicitud, una especie de pliego de particulares, dirigido no contra la acusación de la cual se defiende, sino contra el ministerio público y si no es así, pues entonces podría considerarse su solicitud como un interrogatorio dirigido al fiscal. Nada de esto está autorizado por las Reglas de Procedimiento Criminal. El tribunal, ahora las amplía concediendo al acusado un remedio no autorizado por dichas Reglas.

Por las razones expuestas considero que debe anularse la resolución recurrida.